SALCINES, Judge.
Michael Anthony Aiello challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Aiello failed to present a facially sufficient claim, we affirm the trial court’s order.
In his motion, Aiello alleged that the three-year mandatory minimum term of imprisonment for trafficking in hydroco-done/oxycodone was illegally imposed. In Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002), this court held that chapter 99-188, Laws of Florida, which provided for the imposition of the mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. But see State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003). In denying the motion, the trial court found: “As of April 29, 2002, the Florida Legislature has cured the single subject rule violation by reenacting the provisions originally contained in Chapter 99-188. The re-enactment was retroactive to July 1, 1999.” However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
If Aiello’s offense occurred within the Taylor window, he is entitled to be resen-tenced under the valid law in effect at the time of the offense. See Green, 839 So.2d 748. However, Aiello failed to present a facially sufficient claim for relief under rule 3.800(a) since he failed to affirmatively allege that he committed the offense on a date within the Taylor window.[1] See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003). We therefore affirm the order of the trial court without prejudice to any right Aiello might have to file a facially sufficient claim. See id.
Affirmed.
CASANUEVA and SILBERMAN, JJ., Concur.

. Aiello was represented by counsel in the filing of his motion. The motion alleged only:
1. That a mandatory [minimum] of 3 years for 4-14 grams of Hydrocodone/Oxycodone is no longer a legal sentence.
2. It is requested that the mandatory minimum language be deleted from the Judgement and Sentence.